Harry L. CORE, Appellant,

v.

UNITED STATES POSTAL
SERVICE, Appellee.

No. 83–1153.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 29, 1983.

Decided Jan. 6, 1984.

Bernard J. DiMuro, Alexandria, Va.
(Charles M. Rust-Tierney, Hirschkop &
Grad, P.C., Alexandria, Va., on brief), for
appellant.

George E. Lawrence, Jr., Sp. Asst. U.S.
Atty., Washington, D.C. (Elsie L. Munsell,
U.S. Atty., Alexandria, Va., Charles D.
Hawley, Asst. Gen. Counsel, Margaret

O'Connell, General Administrative Law Div., U.S. Postal Service, Washington, D.C., on brief), for appellee.

Before WINTER, Chief Judge, MURNA-GHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Harry L. Core appeals from the district court's order denying his request under the Freedom of Information Act for employment histories of applicants for federal employment. We conclude that the Act requires release of the requested information about the successful applicants, but 5 U.S.C. § 552(b)(6) (exemption 6) precludes disclosure of the other applications.

I

In response to solicitations by the United States Postal Service, Core, a Service employee, submitted an application for one of eight Systems Architect positions. Upon inquiry about the status of his application, the Service notified Core that five of the eight Systems Architect positions had been filled, that the remaining three had been cancelled, and that he had not been among the final candidates for any of the positions.

Core, believing that the Service had violated hiring regulations, initiated a request for information about the education and automatic data processing experience of the five persons selected as Systems Architects and of all other applicants the Service deemed qualified for the position. The Service released information on the educational qualifications of those applicants, but it denied Core's request for information about experience gained through prior employment. Relying on exemption 6, the Service concluded that disclosure of this information would result in a clearly unwarranted invasion of privacy because it was inextricably interwoven with the textual summary of the applications and was so detailed that individual applicants could be identified even if their names were removed from the applications.

Core filed suit for disclosure. After hearing arguments on cross-motions for summary judgment and examining the disputed documents in camera, the district court concluded that release of the information would seriously invade the privacy of the applicants because it would reveal that they were considering leaving their present employment. According to the district court, disclosure could lead to embarrassing speculation about the applicants' reason for leaving their jobs and adversely affect their future employment or promotion. Additionally, the district court concluded that the detailed narrative information on the applicants' employment history, accomplishments, and self-evaluation is ordinarily submitted with the expectation that it will remain private. Finding no countervailing public interest in releasing the documents, the district court denied Core's request.

II

The Freedom of Information Act establishes a general policy of full disclosure unless the information requested is clearly exempted. *Department of Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). Exemption 6 excludes from the Act "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The purpose of exemption 6 is to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information. *Department of State v. Washington Post Co.*, 456 U.S. 595, 599, 102 S.Ct. 1957, 1959, 72 L.Ed.2d 358 (1982).

In *Washington Post*, the Court held that the term, "similar files," includes all files which contain information about a particular individual. 456 U.S. at 602, 102 S.Ct. at 1961. If the files fall within this definition, the remaining issue is whether disclosure would constitute a clearly unwarranted invasion of personal privacy. This determination requires "a balancing of interests between the protection of an individual's

private affairs from unnecessary public scrutiny, and the preservation of the public's right to government information." S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965); *see Rose*, 425 U.S. at 370–82, 96 S.Ct. at 1603–08.

## III

Core requested information that is contained in the applications submitted for the Systems Architect positions. These applications typically describe prior Postal or business employment, special assignments or projects, membership in any professional or civic organizations, awards and honors. If the applicant is presently an employee of the Service, the application includes supervisors' recommendations.* Because this information pertains to particular individuals, it clearly falls within the "similar files" definition of *Washington Post*, 456 U.S. at 602, 102 S.Ct. at 1961.

The next inquiry is whether the applicants' privacy interest outweighs the public interest in disclosure. To balance these interests we have examined the applications, and we agree with the district court that the information which Core seeks about the applicants' experience in automatic data processing is generally set forth in narrative summaries that disclose names of present and former employers, awards, commendations, and membership in professional organizations. We also agree that because the information Core seeks is not reasonably segregable from the narratives, the Service is not obliged to extract it. *See* 5 U.S.C. § 552(b).

■ Unlike the district court, we conclude that the commingling of information that characterizes the applications does not justify withholding information about the five applicants who were selected for the positions. Their identity is known. The disclosure that they wished to leave their former employment cannot embarrass them, for this fact is now known to their

former employers. The information they furnished is not derogatory. It is simply the type of information every applicant seeks to bring to the attention of a prospective employer. In short, disclosure of information submitted by the five successful applicants would cause but a slight infringement of their privacy. In contrast, the public has an interest in the competence of people the Service employs and in its adherence to regulations governing hiring. Disclosure will promote these interests.

Having balanced the privacy interests of the five successful applicants against the public's interest, we conclude that disclosure would not "constitute a clearly unwarranted invasion of personal privacy." Exemption 6, therefore, does not bar disclosure of the information Core seeks about the successful applicants.

Our conclusion is consistent with the policy of the Department of Justice which discloses, in response to requests for information about its employees, prior government employment, prior private employment related to current duties, awards, honors, and membership in professional groups. The Department recommended its policy to all agencies. *See* Office of Information and Privacy, U.S. Dept. of Justice, *FOIA Update* 3 (Sept.1982). Although the Department's interpretation of the statute is not binding on other agencies, Congress directed the Department to report its efforts to encourage agencies to comply with the Act. 5 U.S.C. § 552(d). Consequently, the policies that the Department recommends to other agencies merit careful consideration.

■ With respect to the unsuccessful applicants, the balance tips the other way. Even if their names were deleted, the applications generally would provide sufficient information for interested persons to identify them with little further investigation. Though the unsuccessful applicants about whom Core requested information were

---

* Core did not request supervisors' recommendations. These are set forth on a separate page and easily can be withheld from disclosure. Core also requested the Service to excise the names, addresses, and Social Security numbers of all applicants. These, too, can be deleted readily. 5 U.S.C. § 552(b).

deemed qualified by the officials who reviewed the files, ultimately they were rejected after interviews by the selecting official. In contrast to the lack of harm from disclosure of the applications of persons who are hired, disclosure may embarrass or harm applicants who failed to get a job. Their present employers, co-workers, and prospective employers, should they seek new work, may learn that other people were deemed better qualified for a competitive appointment. It is no answer to say that only Core seeks information about the unsuccessful applicants and that his purpose is benign. If Core is entitled to information about unsuccessful applicants for a government job, other members of the public, including employers and employment agencies, would be entitled to the same information in this and other instances. *See Environmental Protection Agency v. Mink*, 410 U.S. 73, 79, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973).

On the other side of the scale, the public interest in learning the qualifications of people who were not selected to conduct the public's business is slight. Disclosure of the qualifications of people who were not appointed is unnecessary for the public to evaluate the competence of people who were appointed. Indeed, comparison of all applications may be misleading, because the appointments were made on the basis of both the applications and interviews.

In *Washington Post*, the Court observed that in striking a balance between privacy and disclosure, Congress intended to exclude from disclosure those kinds of files which "might harm the individual." 456 U.S. at 599, 102 S.Ct. at 1959. Tested by this criterion, disclosure of information about unsuccessful applicants for a Service job would be a clearly unwarranted invasion of their personal privacy.

The judgment of the district court is affirmed in part and reversed in part, and this case is remanded for further proceedings consistent with this opinion. Because Core has substantially prevailed, on remand the district court should consider his request for a reasonable attorney's fee for

services in the district court and on appeal. 5 U.S.C. § 552(a)(4)(E).