Mr. Michael J. Wright City Manager City of Hot Springs Hot Springs National Park, AR 71901
Dear Mr. Wright:
You have requested an Opinion regarding the Arkansas Freedom of Information Act as amended by Act 49 of 1987. To paraphrase your question, you ask if the employment applications of prospective city employees are open to public inspection under the provisions of the Freedom of Information Act.
In my opinion, the names of job applicants, and the attending applications are not covered by any of the specific exemptions provided by the Freedom of Information Act, and are therefore available for public perusal.
This Office previously rendered Opinion No. 84-79 which stated that applications for the positions of president or chancellor of a state-supported university might not be considered to be public records if those state entities determined that such "compilation, list or other aggregation of information" was of a personal nature so that the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy. In Act 49, no longer does the language "the public disclosure thereof (which) would constitute a clearly unwarranted invasion of personal privacy" modify the term "information." Instead, that qualifying language modifies the term "personnel records."
We specifically found in that opinion that applications which were kept were a record of the performance of public officials charged with the responsibility of reviewing those applications and deciding on the most qualified candidate.
In the absence of any legislative or judicial definition of "personnel record," a reading of the plain language of the act would distinguish a file maintained on an employee from a file containing information on potential employees. Therefore I believe employment applications are not personnel records, but rather fall under the broad definition of a "public record" subject to public inspection and copying under Ark. Stat. Ann. 12-2803.
Since we conclude in this Opinion that applications for employment are not personnel records, the personal privacy exception does not apply thereto.
Even if an employment application were presumed to be a personnel record, a decision involving a corresponding exemption in the federal Freedom of Information Act indicates that job applications are subject to public scrutiny. See, Core v. United States Postal Service, 730 F.2d 946 (4th Cir. 1984).
It should be noted that certain information, such as social security numbers, unlisted telephone numbers, and specific medical information should be censored from any application before release to the public in keeping with the federal Privacy Act.
In summary it is my opinion that employment applications are public records subject to disclosure under the Arkansas Freedom of Information, but that exempted information may be contained with an application; that information should be exorcised prior to public release.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Dan Kennett.