Mr. Ray Scott, Director Arkansas Department of Human Services Seventh and Main Streets Donaghey Building Little Rock, AR 72201
Dear Mr. Scott:
You have requested a review of your decision as custodian of the record regarding a request made under the Freedom of Information Act as amended by Act 49 of 1987. Specifically, you wish to know;[:] (1) are files containing the employment applications of unsuccessful job candidates "personnel records" for the purpose of the Freedom of Information Act, and, (2) with regard to employment applications, what type information can be released without constituting a clearly unwarranted invasion of personal privacy as prohibited by the Act?
The answer to your first question is no.
This office recently issued Opinion No. 87-70 (attached) in which files containing employment applications of potential employees where [were] determined to be outside the exemption given to personnel records. The same rationale can be used in this case, insomuch as unsuccessful job applicants are not employees, and therefore not personnel. Please note that the Federal Privacy Act prohibits the release of personal identifiers, and the State Freedom of Information Act prohibits the release of certain other type records, some of which are contained within the sample files you have provided for my inspection.
The answer to your second question cannot be answered with a simple yes or no as discussed hereinbelow:
 On February 16, 1987, Act 49 of 1987 became effective, creating a new exemption from disclosure within the Freedom of Information Act. Ark. Stat. Ann. 12-2804 now states:
 Section 4. (b) It is the specific intent of this Section that the following shall not be deemed to be open to the public under the provisions of this Act: . . .' and personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of privacy.
As stated in Opinion No. 87-70, no state court has ever interpreted the "invasion of personal privacy" provision of the state Freedom of Information Act. However, there exists in the federal Freedom of Information Act a corresponding provision which has been interpreted in the federal courts. Since the Arkansas Supreme Court has shown willingness to adopt federal precedents (See, Smithey v. State, 269 Ark. 538 (1980)) it is likely that the Arkansas courts will follow the federal judiciaries [judiciary's] lead (See also, Watkins, Ark. L. Rev. Vol. 37:741).
The federal case on point is Core v. United States Postal Service,730 F.2d 946 (Fourth Circuit 1984). Appellant Core, an unsuccessful job candidate, requested information contained in the employment applications of the successful and other unsuccessful applicants. In holding that information about the successful applicants' work history and educational background for public inspection the court wrote,
In short, disclosure of information submitted by the five successful applicants would cause but a slight infringement of their privacy. In contrast, the public has an interest in the competence of the people the Service employs and in its adherence to regulations governing hiring. Disclosure will promote these interests.
Core, 730 F.2d at 948.
It is clear that whatever privacy interest an individual might have invested in a job application, it is overshadowed by the public's legitimate interest in the right to know.
After reviewing the sample files in light of Core, I can find little information that needs to be removed in order to avoid a clearly unwarranted invasion of personal privacy. Only personal identifiers, i.e., social security numbers, unlisted telephone numbers, etc. should be censored prior to the records release in keeping with the federal Privacy Act. Grade transcripts should also be removed before presentation for inspection in accordance with the state Freedom of Information Act exemption for scholastic records (note that a listing of schools attended and degrees obtained would not be considered a "scholastic record").
To summarize;[:] files containing the applications of unsuccessful job candidates are not personnel records, and are therefore not exempt from disclosure under Ark. Stat. Ann. 12-2804. Further, the release of the non-personal identifiers contained on a successful job candidate's application would not constitute a clearly unwarranted invasion of personal privacy as prohibited by Ark. Stat. Ann. 12-2804.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Dan Kennett.