Mr. Claude S. Hawkins, Jr. Attorney at Law P.O. Box 337 Ashdown, AR 71822
Dear Mr. Hawkins:
You have requested a review of your decision as Attorney for the City of Ashdown denying a request for public records made in accordance with the Arkansas Freedom of Information Act as amended by Act 49 of 1987, Ark. Stat. Ann. Section 12-2801 et seq.,. You have been asked to produce for inspection and copying a personnel file, an internal investigation report, a report concerning a traffic violation, and records used to support the dismissal of an officer. Specifically, you ask this office to determine if your actions are consistent with the provisions of the Freedom of Information Act.
Since you have issued a blanket denial of all the requested documents, I believe your actions to be inconsistent with the purposes of the Act.
Ark. Stat. Ann. Section 12-2803 defines public records as:
 "All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records."
Further, Ark. Stat. Ann. Section 12-2804 as amended by Act 49 of 1987 provides:
 "Section 4 (b). It is the specific intent of this Section that the following shall not be deemed to be made open to the public under the provisions of this Act: State income tax records; medical records, scholastic records; undisclosed investigations by law enforcement agencies of suspected criminal activity; . . . and personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
In general terms, the records in question fall under the broad definition of a public record as found in Ark. Stat. Ann. Section 12-2803, but portions of the records may fall under the various exemptions listed in Ark. Stat. Ann. Section 12-2804. Should a portion of the record in question fall under an exemption, i.e. medical information as cited in your request, only that portion of the record is exempt from disclosure, and the remainder of the record must be produced for copying and inspection.
To specifically address the records in question, reports concerning an alleged traffic violation are public records, and are subject to full disclosure as they do not qualify for the exemption granted for undisclosed criminal investigations. Eureka Improvement Association, Inc. v. Hill, Carroll County Circuit Court, No. Civ. 75-36 (1975).
Completed reports involving internal affairs investigations are also public records, but may also qualify as a personnel record. If that is the case, the records would be exempt from disclosure only to the extent that the disclosure would constitute a clearly unwarranted invasion of personal privacy, a topic I will discuss below. Information of a non-personal nature would not be exempt. Keep in mind that if the exempt information can be removed, it is to be censored, and the record made available for inspection and copying.
What qualifies as a "clearly unwarranted invasion of personal privacy" has yet to be decided by an Arkansas court, but one can look to the federal courts for guidance. Smithey v. State,269 Ark. 538 (1980). In interpreting a similar provision of the federal Freedom of Information Act, the federal courts have narrowly construed the phrase "invasion of personal privacy". Generally, the federal courts have adopted a doctrine that the information in question must be some type of intimate detail, or put another way, "public disclosure of private facts". Watkins, Ark. L. Rev. Vol. 37:741 at 789.
To date the following specific information has been exempted through interpretation: personal histories, religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington Post Co., 456 U.S. 595,1092 S. Ct. 1957, 72 L.Ed.2d 358 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I.,460 F. Supp. 778, 602 F.2d 1010 (1st Cir.); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department of Agriculture,498 F.2d 73 (D.C. Cir.
Without examining the specific records in question, it is not possible for me to determine if there is information contained in the records in question of a nature that the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. However, the above cited cases should give you sufficient guidance.
It should be noted that some of the records in question may also qualify for the exemption provided for employee evaluation or job performance records. Those materials are to be exempt from disclosure only until such time that they form the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals, and if there is a compelling public interest. Ark. Stat. Ann. Section 12-2804.
Since the former officer has exhausted his administrative appeals, the question turns on whether the records in question do indeed form the basis for the dismissal. I lack sufficient information to determine if that is true. If that is indeed the case, then the question of the existence of a compelling public interest must be satisfied.
This determination must be made on a case by case basis, and again I lack sufficient information to make the determination here. However, the legislative intent of the Freedom of Information Act is clear: the balance is to top in the favor of public disclosure. Laman v. McCord, 245 Ark. 401, (1968).
Both the courts and the legislature acknowledge that the public has a compelling interest in seeing that its employees not only follow the law, but also the regulations by which they are to conduct their business. If that trust is breached, the public has a right to know. Arkansas State Police Commission v. Davidson,253 Ark. 1090, (1973), Commercial Printing Co., et al v. Rush,261 Ark. 468 (1977), Core v. United States Postal Service, 730 F.2d 946
(1986), Columbia Packing Company, Inc., v. Department of Agriculture, 563 F.2d 495 (1977).
In sum, it is my opinion that your denial of all of the requested records is inconsistent with the provisions of the Arkansas Freedom of Information Act. Instead, you should make available all records not specifically exempted by the act, and sanitize those records which may contain exempt information.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Dan Kennett. Without examining the specific records in question, it is not possible for me to determine if there is information contained in the records in question of a nature that the disclosure of which would constitute a clearly unwarranted invasion of personnel privacy. However, the above cited cases should give you sufficient guidance.
It should be noted that some of the records in question may also qualify for the exemption provided for employee evaluation or job performance records. Those materials are to be exempt from disclosure only until such time that they form the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals, and if there is a compelling public interest. Ark. Stat. Ann Section 12-2804.
Since the former officer has exhausted his administrative appeals, the question turns on whether the records in question do indeed form the basis for the dismissal. I lack sufficient information to determine if that is true. If that is indeed the case, then the question of the exista[e]nce of a compelling public interest must be satisfied.
This determination must be made on a case by case basis, and again I lack sufficient information to make the determination here. However, the legislative intent of the Freedom of Information Act is clear: the balance is to tip in the favor of public disclosure. Laman v. McCord, 245 Ark. 401, (1968).
Both the courts and the legislature acknowledge that the public has a compelling interest in seeing that its employees not only follow the law, but also the regulations by which they are to conduct their business. If that trust is breached, the public has a right to know. Arkansas State Police Commission v. Davidson,253 Ark. 1090, (1973), Commercial Printing Co., et al v. Rush,261 Ark. 468 (1977), Core v. United States Postal Service, 730 F.2d 946
(1986), Columbia Packing Company, Inc., v. Department of Agriculture, 563 F.2d 495 (1977)
In sum, it is my opinion that your denial of all of the requested records is inconsistent with the provisions of the Arkansas Freedom of Information Act. Instead, you should make available all records not specifically exempted by the act, and sanitize those records which may contain exempt information.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Dan Kennett.