Mr. Jack Griffin P.O. Box 33 Newark, AR 72562
Dear Mr. Griffin:
This is in response to your request for an official opinion regarding the disclosure of information contained in your personal file. In your correspondence, you state that your request is prompted by an incident in which a student was involved and that the parents' attorney have subsequently requested inspection of your personnel records. Your specific question, paraphrased is as follows:
 I would like to know whether my personnel record was to be made available to the public? Please advise me of my rights under Arkansas Code Section 25-19-105 concerning the disclosure of my personnel file.
Arkansas Code of 1987 Annotated 25-19-105(b)(10) (Supp. 1987) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A dispositive answer cannot be given to the specific question you pose. Personnel records would be exempt from disclosure under this provision if disclosure would constitute a clearly unwarranted invasion of personal privacy. It should be noted that information of a non-personal nature would not be exempt. Further, exempt information should be deleted to the extent possible and the record made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See, Opinion No. 87-115 attached hereto. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information is of an intimate detail or if it involves private facts. Watkins, Ark. L. Rev. Vol. 37:741 at 789.
The following specific information has been exempted through interpretation: personal histories, religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F. Supp. 778, 602 F.2d 1010 (1st Cir. ___); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974). Of course, there are still specific exempted records under Arkansas' FOI, whether or not contained in personnel files such as medical, scholastic, adoption or tax information, which would qualify for exemption under the FOI Act.
Without examination of your files it is difficult to ascertain what information would constitute a clearly unwarranted invasion of personal privacy. While a definitive answer cannot be given in this regard, the above referenced cases should offer sufficient guidance in determining the types of data exempt from public disclosure.
It should also be noted that information contained in your personnel file may qualify you for exemption as employee evaluation or job performance records. Such information is exempt from public disclosure only until such time that they form the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if compelling public interest warrants its disclosure.
On the facts stated, it is difficult to determine whether or not you have exhausted your administrative remedies or indeed, whether any personnel action has been taken against you. If so, the existence of a compelling public interest must still be determined. Such a determination must be made on a case by case basis. However, the legislative intent of the Freedom of Information Act favors public disclosure. Laman v. McCord,245 Ark. 401 (1968). The courts, as well as the legislature have recognized the public's compelling interest in knowing the affairs of its public officials and the regulations by which they perform their duties. If that trust is breached, the public has a right to know. Arkansas State Police Commission v. Davidson, 253 Ark. 1090
(1973); Commercial Printing Co., et al. v. Rush, 261 Ark. 468
(1977); Core v. United States Postal Service, 730 F.2d 946
(1986); Columbia Packing Company, Inc., v. Department of Agriculture, 563 F.2d 495 (1977).
Based on the foregoing, an examination of your personnel file would be necessary to formulate a dispositive answer to the question posed in order to ascertain if information contained therein is subject to exemption pursuant to the Freedom of Information Act.