The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, AR 72112
Dear Representative Collier:
This is in response to your request for an official opinion regarding the release of personnel records under the Freedom of Information Act. You have asked the following specific questions in this regard:
 When a school bus driver for a public school is involved in an accident involving the school bus while transporting school children, are the records concerning the bus driver exempt under the Freedom of Information Act as personnel records or for any other reason and therefore deemed confidential?
The Arkansas Freedom of Information Act codified in Arkansas Code of 1987 Annotated 25-19-105(b)(10) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." It should be noted that information of a non-personal nature would not be exempt. Further, to the extent that exempt information can be deleted, it is to be censored, and the record made available for public inspection and copying.
Although an Arkansas court has not decided what constitutes a "clearly unwarranted invasion of personal privacy." This office has opined that the federal courts can be looked to for guidance. Smithey v. State, 269 Ark. 538 (1980); see, Opinion No. 87-115
attached hereto. In construing a similar provision of the federal Freedom of Information Act, the federal courts have narrowly interpreted the phrase "invasion of personal privacy." As a general rule, to be exempt the information must be some type of intimate detail or constitute the disclosure of private facts. Watkins, Ark. L. Rev. Vol. 37:741 at 789.
The following specific information has been exempted through interpretation: personal histories, religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington Post Co., 456 U.S. 595; mental status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I.,460 F. Supp. 778, 602 F.2d 1010 (1st Cir. ); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974). Of course, there are still specific exempted records under Arkansas' FOI, whether or not contained in personnel files such as medical, scholastic, adoption or tax information.
Without examination of the personnel record of the bus driver, a definitive answer cannot be given in this regard. On the facts stated, one cannot ascertain what information contained in the file would or would not qualify for exemption under the FOI Act and thus qualify as a clearly unwarranted invasion of personal privacy. The above referenced cases should offer guidance in determining whether or not specific information in the file is subject to public disclosure.
It should also be noted that some of the information contained in your personnel files may qualify for exemption as employee evaluation or job performance records. Such information is exempt from public disclosure only until such time that they form the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if there is a compelling public interest. See A.C.A. 25-10-105(b)(10)(c)(1).
On the facts presented, it is difficult to determine whether or not the employee has exhausted his administrative remedies or indeed, whether any personnel action has been taken against him. If so, the existence of a compelling public interest must still be determined. This determination must be made on a case by case basis. However, the legislative intent of the Freedom of Information Act in that public disclosure is favored and non-disclosure the exception. Laman v. McCord, 245 Ark. 401
(1968). The courts, as well as the legislature have recognized the public's compelling interest in knowing the affairs of its public officials and the regulations by which they conduct their business. Arkansas State Police Commission v. Davidson, 253 Ark. 1090
(1973); Commercial Printing Co., et al. v. Rush, 261 Ark. 468
(1977); Core v. United States Postal Service, 730 F.2d 946
(1986); Columbia Packing Company, Inc., v. Department of Agriculture, 563 F.2d 495 (1977).
From the facts stated, it is difficult to ascertain whether the information in the employee's personnel file qualifies for exemption such that it constitutes an unwarranted invasion of personal privacy or if such data qualifies for exemption as employee evaluation or job performance records.