Dr. M. Ellis Julien P.O. Box 23 State University, AR 72467
Dear Dr. Julien:
This is in response to your request for an opinion regarding certain provisions of the Arkansas Freedom of Information Act ("FOIA"), as codified at A.C.A. 25-19-105(10) (Supp. 1987), involving personnel records. You have asked, specifically, whether you may review the applications for promotion of two successful candidates.
It is my opinion that the answer to this question is yes.
A.C.A. 25-19-105(10) (Supp. 1987) exempts from public inspection the following:
 Personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy.
This office has previously opined that the release of employment applications submitted by job candidates would not violate the prohibition contained in the above-cited exemption. Additionally, two divisions of the Circuit Court of the Sixth Judicial District of Arkansas have reached the same conclusion that job applications and the attending information are subject to public inspection and copying.
While the factual circumstances presented in your request differ from those previously considered, in that the information you request involved applications submitted by current employees, it is my opinion that this distinguishing factor is not determinative. A court would in all likelihood conclude that an application for promotion is analogous to an application for employment for purposes of the FOIA, and is therefore subject to disclosure.
The previous opinions cite Core v. United States Postal Service,730 F.2d 946 (4th Cir. 1984) in support of the proposition that the public release of job applications does not invade an applicant's privacy. As in the case at hand, appellant Core, a Postal Service employee, was rejected for promotion and sought the applications of the other candidates. The Court ordered the release of the requested information, concluding that there was no clearly unwarranted invasion of personal privacy. Core,730 F.2d at 948.
It may be concluded from the foregoing that the applications for promotion are available for public inspection and copying. While it is my opinion that most accompanying information is also subject to disclosure, certain information may need to be censored in order to avoid a "clearly unwarranted invasion of personal privacy." A conclusive determination cannot be made in this regard in the absence of a specific review of the applications and accompanying information. This office has previously stated, however, that personal identifiers such as social security numbers, unlisted telephone numbers, and specific medical information should be excised prior to the record's release.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General