Mr. Jimmy L. Taggart Arkansas Department of Correction Diagnostic Unit 8001 West 7th Pine Bluff, AR 71603
Dear Mr. Taggart:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§ 25-19-101—107 (Cum. Supp. 1991). Your request is submitted pursuant to § 25-19-105(c)(3)(B) (Cum. Supp. 1991).
You state that you are an employee at the Diagnostic Unit of the Arkansas Department of Correction and a request has been made for disclosure of information contained in your personnel file maintained by Department of Correction. You have asked this office for an opinion regarding whether those records should be released.
Arkansas Code of 1987 Annotated § 25-19-105(b)(10) (Cum. Supp. 1991) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Exempt information should be deleted to the extent possible, and the remainder of the record made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See, Opinion No. 87-115, a copy of which is enclosed. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public RecordsUnder the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
The following specific information has been exempted through interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United State Departmentof State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force,660 F.2d 369 (5th Cir. 1981); information about family life, ProvidenceJournal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
Other records, however, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by other specific exemptions in the FOIA. See
A.C.A. § 25-19-105(b) (Cum. Supp. 1991).
Whether your personnel file contains information that would constitute a clearly unwarranted invasion of personal privacy is an issue that can only be resolved following a review of the actual documents in question. While we are therefore unable to provide a definitive answer to your question, the above referenced cases should offer sufficient guidance in determining the types of data exempt from public disclosure.
It should also be noted that information contained in your personnel file may qualify for exemption as employee evaluation or job performance records. Such information is exempt from public disclosure only until such time that they form the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if compelling public interest warrants disclosure. A.C.A. § 25-19-105(c)(1) (Cum. Supp. 1991).
On the facts stated, it is impossible to determine whether you have exhausted your administrative remedies or indeed, whether any personnel action has been taken against you. If so, the existence of a compelling public interest must be found prior to the release of "job performance and evaluation" records. Such a determination must be made on a case-by-case basis. The legislative intent of the Freedom of Information Act, however, favors public disclosure. Laman v. McCord, 245 Ark. 401,432 S.W.2d 753 (1968). The courts, as well as the legislature, have recognized the public's compelling interest in knowing the affairs of its public officials and the regulations by which they perform their duties. If that trust is breached, the public has a right to know. Arkansas State Police Commission v. Davidson,253 Ark. 1090, 490 S.W.2d 788 (1973); Commercial Printing Co. v.Rush, 261 Ark. 468, 549 S.W.2d 790 (1977); Core v. UnitedStates Postal Service, 730 F.2d 946 (4th Cir. 1984); ColumbiaPacking Company, Inc. v. Department of Agriculture, 563 F.2d 495
(1st Cir. 1977).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure