Ms. Cyd C. Tabyanan Bureau Chief Arkansas Democrat-Gazette P.O. Box 1847 Fayetteville, AR 72702
Dear Ms. Tabyanan:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your question stems from a request you submitted to the superintendent of schools for the Fayetteville School District, pursuant to the FOIA, to inspect the personnel file of an employee of the school district who was fired by the Fayetteville School Board. You state that the superintendent denied the request in toto, contending that the file was not subject to disclosure because there is no compelling public interest in the records. You have requested that I render an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), as to whether the superintendent's decision not to release the records is consistent with the FOIA.
In my opinion, the superintendent's blanket denial of access to the employee's personnel file is, in all likelihood, inconsistent with the provisions of the FOIA. Rather, any exempt information should be deleted to the extent possible, and the remainder of the record made available for inspection and copying.
Section 25-19-105(b)(10) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
While neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989) did apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v.Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisherv. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v.F.B.I., 460 F. Supp. 778, reversed on distinct grounds,602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, and alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
Other records, however, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by other specific exemptions in the FOIA. See
A.C.A. § 25-19-105(b).
It should be noted as well that should information be contained in the personnel file which is relative to the decision to terminate the school district employee, reference must be made to the employee evaluation or job performance records provision of the FOIA. Such information is exempt from public disclosure under A.C.A. § 25-19-105(c)(1) only until such time that it forms the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if compelling public interest warrants disclosure. The FOIA does not define "employee evaluation or job performance records." This office has opined, in the absence of such a definition, that one might reasonably contend that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See Op. Att'y Gen. 91-153. Other factors may be involved in determining in any given instance whether a particular record is a job performance record, and fact questions may arise in this regard. In Attorney General Opinion 88-097, this office opined that a notice to terminate a teacher, as well as records collected or created as part of the investigation leading to the decision to recommend termination, were job performance records.
If the personnel file contains job performance records, in order to be subject to public disclosure these documents must have formed the basis for the employee's dismissal or suspension and his administrative remedies must have been exhausted. Additionally, the existence of a compelling public interest must be found prior to the release of such job performance or evaluation records. Each of these inquiries involve issues of fact. Assuming, however, that administrative remedies have been exhausted and the documents formed the basis for the termination, a "compelling interest" in disclosure must still be found. Such a determination must be made on a case-by-case basis and the question is one of fact. This office is not empowered as a fact finder. The legislative intent of the Freedom of Information Act, however, favors public disclosure. Laman v. McCord,245 Ark. 401, 432 S.W.2d 753 (1968). The courts, as well as the legislature, have recognized the public's compelling interest in knowing the affairs of its public officials and the regulations by which they perform their duties. If that trust is breached, the public has a right to know. Arkansas State Police Commissionv. Davidson, 253 Ark. 1090, 490 S.W.2d 788 (1973); CommercialPrinting Co. v. Rush, 261 Ark. 468, 549 S.W.2d 790 (1977); Corev. United States Postal Service, 730 F.2d 946 (4th Cir. 1984);Columbia Packing Company, Inc. v. Department of Agriculture,563 F.2d 495 (1st Cir. 1977).
Thus, while we are unable to provide a definitive answer to your question, the above referenced cases should offer sufficient guidance in determining the types of data exempt from public disclosure. Any exempt information in the personnel file should be deleted and the remainder made available for inspection and copying. If the criteria for disclosure have been satisfied, job performance records should be made available as well.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh