Ms. Crystal Pierce 100 CR 426 Jonesboro, Arkansas 72404
Dear Ms. Pierce:
I am writing in response to your request, presumably made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), for an opinion on whether the custodian of records for Valley View School District has properly responded to your request for certain information concerning District athletic participation by students, and for salaries and "work history, educational background, training and certification" for eighteen named coaches in the District, including "any new coaches hired for the next year." The custodian responded to your request stating, with regard to athletic participation, that "most of the information you requested is not available as individual documents" and that "some compilation is necessary to put it together." The custodian noted that "[s]uch compilation is not required under the Freedom of Information Act," but the District nonetheless compiled some of the information in response to your request. With regard to the information regarding coaches' salaries, work history, educational background, training and certification, the custodian stated that:
 Much of the information you seek would have to be compiled and would be private personnel information not subject to disclosure. Some of it may be information not in the knowledge of the school district. To the extent you are asking about the employment status of the individuals and their educational background, that information is set forth on the district's website. . . . Please look specifically at the certified contracts which are set forth on [the website]. *Page 2 
The District's website includes certain information on fourteen of the eighteen coaches you enumerated, most listed on the "certified personnel" section of the website and one listed in the "non-certified" personnel section. The website reflects these employees' names, degrees received, contract days, experience in the district, total experience, salary and subject taught.
You state, in your request for my opinion that "I would like to know if that information is all I can get or if they have to provide more."
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the decision of the custodian with regard to "personnel or evaluation records" is consistent with the provisions of the Freedom of Information Act ("FOIA"). As an initial matter, therefore, I must decline to render an opinion on the custodian's response to your request for records relating to student athletic participation. Such records are not "personnel or evaluation" records for purposes of my statutory duty set out in A.C.A. § 25-19-105(c)(3)(B). I therefore express no opinion on the custodian's determination as to those records. The records you requested concerning the salaries, work history, educational background, training and certification of the coaches you enumerated, are in my opinion "personnel or evaluation" records for purposes of my duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B). I will thus state my opinion as to the correctness of the custodian's response as to those records. In my opinion, to the extent there are other non-exempt responsive records in the employment records of the coaches in question, the custodian's decision to refer you to the more limited information on the District's website is inconsistent with the FOIA. I have not reviewed any such potentially responsive documents and therefore am unaware whether any additional responsive documents exist.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried *Page 3 
out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Given that the coaches at issue are public school district employees, I believe the records you have requested clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 99-305 "if records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." See also, Nabholz Construction v. Contractors for PublicProtection Association (Ark.Sup.Ct. 07-843, Nov. 1, 2007) (stating that "[w]e have held that for a record to be subject to the FOIA and available to the public, it must be (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes"). See also, ArkansasGazette Company v. Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990); andLegislative Joint Auditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581
(1987).
As stated, in Op. Att'y Gen. 2003-115, "The FOIA, of course, applies to records, not to information. There is, accordingly, no obligation under the FOIA to create a new record by compiling or collecting information in the particular format requested by the person seeking access; rather, an agency must simply make available records in its possession. See A.C.A. § 25-19-105(d)(2)(C) (Repl. 2002); and Ops. Att'y Gen. 1997-077; 93-407; 93-189 and 87-211." As a consequence, if the "custodian [has] any records that reflect the information the requester seeks, [he] should provide them, except to the extent they are exempt from disclosure under some provision of the FOIA or other law." Op. Att'y Gen. 2003-115 at 5.
With regard to the particular information you have requested regarding the coaches' salaries, work history, educational background, training and certification, I am unaware of what other records the custodian may have that would be responsive to your request, or whether any particular exemption applies to shield those records. It seems likely, however, that the District would maintain at least some of this information in personnel records or other employment files of the affected employees. If so, such records are open to public inspection and copying *Page 4 
unless they are exempted from disclosure by the FOIA or some other pertinent law. For example, § 25-19-105(b)(12) of the FOIA exempts "personnel records to the extent that their release would constitute a clearly unwarranted invasion of personal privacy."
I will note in this regard, however, that my predecessors and I have consistently opined that basic employment information and salaries of public employees are subject to public inspection and copying. See,e.g., Ark. Ops. Att'y Gen. Nos. 2005-051; 2003-298 and 2002-087. With regard to educational background and work history, my predecessors have consistently stated that "this type of information is subject to inspection and copying under the FOIA and is not exempt from disclosure." Op. Att'y Gen. 2006-165.
For example, in Op. Att'y Gen. 2005-004, my predecessor quoted earlier language from Op. Att'y Gen. 2003-060, with regard to the educational background of public employee applicants, as follows:
 This office has previously opined, in Opinions too numerous to cite, that records reflecting the educational background of public employees are generally open to inspection under the FOIA. See, e.g., Ops. Att'y Gen. 1998-202 and 94-319.
 * * * Although certain individual academic records, such as school transcripts, may still be eligible for exemption when contained in personnel files, employee records reflecting a public employee's general educational background, including schools attended and degrees received, appearing for example on an employment application or resume, are open to public inspection under the FOIA.
Id. at 4-5, quoting Op. Att'y Gen. 2003-060 at 2.
The release of such records is not generally considered to constitute a "clearly unwarranted invasion of personal privacy" under the exception for personnel records found at A.C.A. § 25-19-105(b)(12). Id. Seealso, Ops. Att'y Gen. No. 98-202 ("This office has specifically opined that records relating to a state-imposed standard of training and education cannot be considered "intimate information," and *Page 5 
disclosing such records would not constitute a "clearly unwarranted invasion of personal privacy," citing Op. Att'y Gen. No. 87-481); and 93-114 (quoting Core v. United States Postal Service, 730 F.2d 946 (4th Cir. 1984) for the proposition that release of information concerning educational background and work history "would cause but a slight infringement of [job applicants'] privacy" and that "[i]n contrast, the public has an interest in the competence of the people the Service employs and in its adherence to regulations governing hiring").
A similar conclusion ordinarily obtains with regard to "prior employers" or the work history of a public employee. Again, in Op. Att'y Gen. 2005-004, my predecessor stated:
 With regard to the release of information on work history of school district job applicants, one of my predecessors had occasion to note that: "It has been concluded in Attorney General opinions too numerous to cite . . . that information related to work history of public employees is subject to disclosure under the act, and does not give rise to a `clearly unwarranted invasion of personal privacy.'" Op. Att'y Gen. 1995-113 at 5. In my opinion this would include records relating to the licensure status of applicants or employees. See, e.g., Op. Att'y Gen. 2003-034.
Op. Att'y Gen. 2005-004 at 5. See also Op. Att'y Gen. 2004-181
(regarding the required release of personnel records relating to "training" of public employees).
The general rule, therefore, is that information reflecting educational background, work history and training is subject to inspection and copying under the FOIA and is not exempt as a "clearly unwarranted invasion of personal privacy." I must therefore disagree with the custodian's statement that "much of the information you seek . . . would be private information not subject to disclosure. . . ." Although some of the information you requested is reflected for most of the coaches on the District's website, such as degree received, certification or non-certification, and years of experience, the website does not reflect at least some of the information you requested, such as work history (prior jobs or employment), or educational background (school attended), or other "training" records. If the District maintains additional information responsive to your request, whether from employment applications, resumes, or otherwise, it is my opinion that the custodian's mere referral to a website containing only portions of the requested information is inconsistent with the FOIA. The FOIA sets out a procedure for the custodian to *Page 6 
notify affected personnel that their records have been requested. A.C.A. § 25-19-105(c)(3)(A) (Supp. 2007). In addition, of course, certain information, such as social security number or date of birth may need to be redacted from any such responsive records prior to release.See, e.g., Op. Att'y Gen. 2007-226.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1