Mr. Wilbur D. Adams 62 Somerset Drive North Little Rock, AR 72118
Dear Mr. Adams:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (1987 and Cum. Supp. 1991). Your question stems from a request made for disclosure of information contained in your personnel file maintained by the Arkansas Department of Finance and Administration, Revenue Division.
You state that you consider the release of this information to be an invasion of your privacy and request that the information not be released. It is my understanding that the custodian of the records for the Department of Finance and Administration has made the decision that all documents in your personnel file are disclosable. You have provided a copy of the documents maintained in your personnel file and have requested that I review these documents in order to render an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), as to whether the custodian's decision to release your personnel file in toto is consistent with the FOIA. Additionally, you have noted several documents in particular, the release of which you would consider a clearly unwarranted invasion of your personal privacy.
Section 25-19-105(b)(10) (Cum. Supp. 1991) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Exempt information should be deleted to the extent possible, and the remainder of the record made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Opinion No. 87-115, a copy of which is enclosed. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public RecordsUnder the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
And, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted through interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United State Departmentof State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force,660 F.2d 369 (5th Cir. 1981); information about family life, ProvidenceJournal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
Other records, however, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by other specific exemptions in the FOIA. See
A.C.A. § 25-19-105(b) (Cum. Supp. 1991).
It should also be noted that information contained in your personnel file may qualify for exemption as employee evaluation or job performance records. Such information is exempt from public disclosure only until such time that it forms the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if compelling public interest warrants disclosure. A.C.A. § 25-19-105(c)(1) (Cum. Supp. 1991). The FOIA does not define "employee evaluation or job performance records." This office has opined, in the absence of such a definition, that one might reasonably contend that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See Op. Att'y. Gen. 91-153. Other factors may be involved in determining in any given instance whether a particular record is a job performance record, and fact questions may arise in this regard.
After reviewing the records you have provided, including those documents that you have noted in particular, it is my opinion that portions of the file should be released, but that other parts of the file may be exempt from public disclosure and, if so, should be excised prior to release of the records. The file consists primarily of personnel records whose potentially private identifiers have been excised. These records, with that information properly excised, should be released. We would highlight in particular the need to remove social security numbers and information pertaining to marital status, credit statements, and other intimate financial details. However, the file also contains several interoffice memoranda (i.e., several statements; a supervisor's memo; and two dock status memos). These documents, in my opinion, constitute job performance records. While it appears that these documents formed the basis for personnel action which has been taken against you, I am not aware of whether administrative remedies are still available to you. There is no indication, either within the file or in other information you have provided me, that administrative remedies are still available to you. Assuming your administrative remedies have been exhausted, the existence of a compelling public interest must be found prior to the release of "job performance and evaluation" records. Such a determination must be made on a case-by-case basis. The legislative intent of the Freedom of Information Act, however, favors public disclosure. Laman v.McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). The courts, as well as the legislature, have recognized the public's compelling interest in knowing the affairs of its public officials and the regulations by which they perform their duties. If that trust is breached, the public has a right to know. Arkansas State PoliceCommission v. Davidson, 253 Ark. 1090, 490 S.W.2d 788 (1973);Commercial Printing Co. v. Rush, 261 Ark. 468, 549 S.W.2d 790
(1977); Core v. United States Postal Service, 730 F.2d 946 (4th Cir. 1984); Columbia Packing Company, Inc. v. Department ofAgriculture, 563 F.2d 495 (1st Cir. 1977).
Thus, while we are unable to provide a definitive answer to your question, the above referenced cases should offer sufficient guidance in determining the types of data exempt from public disclosure. If all administrative remedies have been exhausted, the above-referenced job performance records should be produced for inspection and copying as well.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh