Ms. Judy Besancon, Risk Management Director Department of Health and Human Services Post Office Box 1437, Slot S260 Little Rock, Arkansas 72203 Dear Ms. Besancon:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision to withhold certain information in the personnel records of two DHHS employees in response to a Freedom of Information Act ("FOIA") request is consistent with the provisions of that act. See
A.C.A. §§ 25-19-101 to -109 (Repl. 2002 and Supp. 2005). You have not indicated exactly what records have been requested, but I gather from the remainder of your request that it involves information from the personnel records of the two employees. You note that one of the employees is employed at the Office of Chief Counsel as an attorney assigned to handle child protection cases and "provides legal services to child protection caseworkers, including suing parents when children need to be removed from their parents because the children's health and safety are at risk." You note that the other employee is a supervisor with the Division of Children and Family Services in the area of child protection and supervises workers who protect abused and neglected children. You state that "[m]any of the parents have drug, alcohol or mental health issues and are unstable." You also note that the FOIA requestor in this instance is an individual who was sued by DHHS in a child protection action and that her two children are in foster care. Finally, you state that "[i]n the case involving this FOIA requestor, threats of death and violence have been made to the public employees. The threats were considered realistic such that the judge in the child protection case required additional security at the child protective hearing."
You state that you "believe the balance tips towards protection of the two public employees and DHHS determined that disclosure of any personal information from the personnel files of these two employees is clearly an unwarranted invasion of personal privacy." You also state that "[s]pecifically, DHHS declines to release any personal information, such as home address, phone number, social security number, educational institutions attended, prior employers, or email addresses." You have asked my opinion as to whether this decision is consistent with the FOIA.
RESPONSE
I have not been provided the records in question, and thus cannot make any conclusive determinations as to which "personal information" is properly subject to redaction. I can state, however, in response to your request, that home addresses and social security numbers of state employees are specifically exempt from disclosure under state and federal law. Unlisted home telephone numbers are properly redacted. Listed home telephone numbers of state employees may be redacted under the A.C.A. §25-19-105(b)(12) exemption for "personnel records" where factual circumstances indicate that there is a heightened privacy interest in the telephone numbers. In my opinion these circumstances meet that test, and as a consequence, your decision to redact home telephone numbers, even if listed, is consistent with the FOIA. Two additional items you enumerate are educational institutions attended and prior employers. These items are not ordinarily the type of information that would qualify for exemption as a "clearly unwarranted invasion of personal privacy" under A.C.A. § 25-19-105(b)(12). It is not clear to me, without a review of the records, or any additional pertinent facts, how the public's interest in this information is outweighed by the individual's privacy interest, or how this information could be used to harass, threaten, or impinge upon the privacy of the employees. As custodian, you must review the records in question and the facts at your disposal to make the determination in this regard, subject of course to judicial review. Finally, with regard to e-mail addresses, I have opined previously that there is ordinarily no exemption for the work e-mail addresses of public employees, but that records reflecting any personal e-mail addresses should not be released. Although you have not enumerated any other specific items of "personal information" you intend to redact, previous Attorney General opinions detail a great many items of information that are routinely properly redacted from personnel records.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2003).
Given that the subjects of the request are both state employees, I believe documents containing information related to their employment clearly qualify as "public records" under this definition.
The FOIA requires certain public records to be open to inspection and copying by citizens but also provides a lengthy list of records that are shielded from public inspection. Although you have not indicated the exact scope of the records requested in this regard, I assume that a request has been made for some type of employment-related files of the two employees and you deem the responsive records to be "personnel records" for purposes of the FOIA. You have proposed to redact "personal information" contained in these files and you enumerate a specific list of items you intend to redact, including home address, phone number, social security number, educational institutions attended, prior employers, or email addresses.
I must note that specific exemptions exist with regard to two of the items you enumerate. Specifically, home addresses of state employees are specifically exempted by A.C.A. § 25-19-105(b)(13) (Supp. 2005) (exempting "home addresses of nonelected state employees . . . contained in employer records, except that the custodian shall verify an employee's city or county of residence or address on record upon request"). In addition, I have previously opined, in opinions too numerous to recount, that social security numbers of public employees are exempt from public disclosure. See e.g., Ops. Att'y Gen. 2006-048; 2005-202; and 2001-080 (social security numbers must be redacted in accordance with federal law, citing 5 U.S.C. § 552a, note (the Federal Privacy Act); and 42 U.S.C. § 405(c)(2)(C)(viii)).
The remaining specific items you propose to redact are phone number, educational institutions attended, prior employers, and email addresses. Because there is no express statutory exemption mentioning these particular items, the issue in this instance centers around the extent to which you may properly redact items from responsive records under the A.C.A. § 25-19-105(b)(12) exemption for "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
I have summarized the test for determining the release of personnel records under this exemption as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y. Gen. 2004-260 at 2.
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley,supra at 311. Determining whether a viable privacy interest exists requires an objective analysis and the fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. Nos. 2005-202; 2005-057; 2001-112; 2001-022; 1994-198; 1994-178; and 1993-055. This does not mean, however, that it is improper to consider the facts surrounding the employment of the individual employee in question.
With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department of Defense v. FLRA,510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to."Id. at 312, quoting FLRA at 497.
One final point should be mentioned about the balancing test employed under A.C.A. § 25-19-105(b)(12) before addressing the items you propose to redact. I and my predecessors have consistently opined that the motive of an FOIA requestor is ordinarily irrelevant to the application of the balancing test. For example, in Op. Att'y. Gen. 2003-325, the custodian proposed to withhold the resumes of several employees of a state institution based upon her perception that the records were not being requested for the purpose of obtaining information about the workings of government, but rather for the purpose of harassing the employees in question. I stated the following in response to this assertion:
 With regard to your contention that these records were not requested for the purpose of obtaining information about the workings of government, but rather for the purpose of harassing the employees in question, I must point out the long-held view that the motive of an FOIA requester is ordinarily irrelevant to the analysis. See, e.g., Op. Att'y. Gen. No. 2002-067 ("[T]he balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought."). Accord, Ops. Att'y Gen. Nos. 2002-087; 98-186; 96-309; 92-289 and Watkins, The Freedom of Information Act at 76 (m m Press, 3rd ed. 1998). This view is supported by U.S. Supreme Court precedent. In Department of Defense v. FLRA, 510 U.S. 487 (1994), the United States Supreme Court cited with approval language of an earlier case, Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749 (1989) to this effect: "`whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.' Reporters Comm., 489 U.S., at 771. Because Congress clearly intended the FOIA `to give any member of the public as much right to disclosure as one with a special interest [in a particular document]' [citation omitted] . . . `the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" 510 U.S. 487, 496. The Court also stated that "all FOIA requestors have an equal, and equally qualified, right to information. . . ." Id. at 499." Thus whether disclosure of a private document . . . is warranted must turn on the nature of the requested document and its relationship to `the basic purpose of the Freedom of Information Act to open agency action to the right of public scrutiny' [citation omitted] rather than on the particular purpose for which the document is being requested." Reporters Comm., 489 U.S. at 772. Justice Ginsburg, in her concurrence in FLRA, noted the reason for this rule: "[t]his main rule serves as a check against selection among requesters, by agencies and reviewing courts, according to idiosyncratic estimations of the request's or requester's worthiness." 510 U.S. at 508.
See also, Ops. Att'y Gen. 2006-142 (opining that the motive of an FOIA requestor alleged to have been harassing a police officer and her family was irrelevant in applying the balancing test to determine whether officer's employment records were subject to release absent a controlling court order prohibiting release of the records); 2002-067 (distinguishing Stilley, supra, and declining to consider the alleged political campaign motive of FOIA requestor in determining whether to release former state trooper's personnel records); and Opinion No. 2002-087(declining to interpret the Arkansas Supreme Court's decision in Stilley,supra as mandating a change in the long-held view that the motive of an FOIA requester is ordinarily irrelevant to the analysis, and that "for one reason or another, that decision should be restricted to it own facts").
Turning now to the application of the A.C.A. § 25-19-105(b)(12) balancing test to the facts at hand, it is my opinion that your decision to redact the employees' home telephone numbers pursuant to this test, whether listed or unlisted, is consistent with the FOIA under these particular facts. I recounted the public status of home telephone numbers in Op. Att'y. Gen. 2005-146, wherein I stated:
 . . . my predecessors and I have each opined that public employee's listed home phone numbers are generally subject to disclosure, but that unlisted numbers, in which there clearly is a heightened privacy interest, should be withheld. [footnote omitted.] See, e.g., Op. Att'y Gen. Nos. Opinion No. 2005-004; 2004-212; 2003-027; 2003-097; 2000-306; 99-016. The conclusion that there is no general exemption for listed home telephone numbers is based upon the presumption that in most factual scenarios there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test. See Op. Att'y Gen. 2003-325 and 2001-091. This office has recognized, however, that factual circumstances could occur under which there might be a heightened privacy interest in listed telephone numbers. This is reflected in the following excerpt:
 [T]here is authority from the Arkansas Supreme Court that could be construed to permit the redaction of home telephone numbers. . . . See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). It should be noted that Stilley did not involve a FOIA request for home telephone numbers. Rather, it involved a request for the home addresses of certain police officers. The Stilley court opined that the home addresses of the police officers could be withheld from disclosure because that information could be used to harass the officers and their families. . . . Assuming that the custodian of the records determined factually that the numbers could be used in this way, the decision to redact them was consistent with the FOIA, as interpreted by the court.
Op. Att'y Gen. 2002-182 (emphasis added). See also, Ops. Att'y. Gen. 2005-169 (". . . the home telephone numbers of some City employees may . . . be exempt from disclosure, [but] this determination must in my opinion be made after taking into consideration the circumstances relevant to the individual employee); and 2003-027 (opining that the listed telephone number of a school employee who was the subject of an investigation by the district superintendent could be redacted if the facts were such that the employee had a "heightened privacy interest in the information . . .").
In my opinion the facts you describe concerning the job duties of the employees in question give rise to a heightened privacy interest in even a listed telephone number. In my opinion, therefore, your decision to redact any home telephone numbers is consistent with the FOIA.
The next two items you propose to redact are "educational institutions attended" and "prior employers." I and my predecessors have consistently opined that this type of information is subject to inspection and copying under the FOIA and is not exempt from disclosure.
In Op. Att'y. Gen. 2005-004, I quoted earlier language from Op. Att'y. Gen. 2003-060, with regard to the educational background of applicants, as follows:
 This office has previously opined, in Opinions too numerous to cite, that records reflecting the educational background of public employees are generally open to inspection under the FOIA. See e.g., Ops. Att'y. Gen. 1998-202 and 94-319.
 * * *
 Although certain individual academic records, such as school transcripts, may still be eligible for exemption when contained in personnel files, employee records reflecting a public employee's general educational background, including schools attended and degrees received, appearing for example on an employment application or resume, are open to public inspection under the FOIA.
Id. at 4-5, quoting Op. Att'y Gen. 2003-060 at 2.
The release of such records is not generally considered to constitute a "clearly unwarranted invasion of personal privacy" under the exception for personnel records found at A.C.A. §25-19-105(b)(13). Id. See also, Ops. Att'y Gen. No. 98-202
("This office has specifically opined that records relating to a state-imposed standard of training and education cannot be considered "intimate information," and disclosing such records would not constitute a "clearly unwarranted invasion of personal privacy," citing Op. Att'y Gen. No. 87-481); and 93-114 (quoting Core v. United States Postal Service, 730 F.2d 946
(4th Cir. 1984) for the proposition that release of information concerning educational background and work history "would cause but a slight infringement of [job applicants'] privacy" and that "[i]n contrast, the public has an interest in the competence of the people the Service employs and in its adherence to regulations governing hiring").
As indicated above, a similar conclusion ordinarily obtains with regard to "prior employers" or the work history of a public employee. Again, in Op. Att'y Gen. 2005-004, I stated:
 With regard to the release of information on work history of school district job applicants, one of my predecessors had occasion to note that: "It has been concluded in Attorney General opinions too numerous to cite . . . that information related to work history of public employees is subject to disclosure under the act, and does not give rise to a `clearly unwarranted invasion of personal privacy.'" Op. Att'y Gen. 1995-113 at 5. In my opinion this would include records relating to the licensure status of applicants or employees. See e.g., Op. Att'y. Gen. 2003-034.
Op. Att'y Gen. 2005-004 at 5.
The general rule, therefore, is that information reflecting educational background and work history is subject to inspection and copying under the FOIA and is not exempt as a "clearly unwarranted invasion of personal privacy."
You have stated that the FOIA request in this instance "seeks only personal information about a public employee and does not seek any records regarding any governmental activity." You also state that you agree that "the public has an interest in ensuring that public employees are qualified to perform their jobs," but you state that the job qualifications "consist of a law license" for the attorney in question, and you have no objection to providing that document. I must note, however, that educational background and work history also reflect job qualifications and a public interest therefore attaches to this information. It is not clear to me, without a review of the records, or any additional pertinent facts, how the public's interest in this information is outweighed by the individual's privacy interest, or how this information could be used to harass, threaten, or impinge upon the privacy of the employees, for purposes of the balancing test set out above. As custodian, you must review the records in question and the facts at your disposal to make the determination in this regard, subject of course to judicial review.
The final specific item you propose to redact is "email addresses." You have not indicated whether you propose to redact the work e-mail addresses of the employees in question, the home email addresses, or both. I most recently addressed the release of email addresses in Op. Att'y. Gen. 2004-225, involving school district employees. In that opinion, I drew a distinction between work e-mail addresses and home e-mail addresses, stating:
 . . . as a general matter, the employees' work e-mail addresses should be released, but as a general matter, the employees' personal e-mail addresses should not be released.
 * * *
 It is difficult to conceive of any privacy interest that public employees could assert in their work e-mail addresses in this case. I can, however, envision a public interest in such information. Because there is essentially no privacy interest to weigh in the balance against the public interest, the public interest must prevail.
 * * *
 I therefore conclude generally that because the individual's privacy interest in personal e-mail addresses is not insubstantial and because the public has little or no interest in such information, the privacy interest must prevail, and records reflecting personal e-mail addresses should not be released.
Id. at 2 and 4.
As noted in Ops. Att'y Gen. 2004-225, it is not clear to me that any privacy interest in work e-mail addresses is substantial enough to override the public's interest in these addresses. Such addresses do not reflect "intimate details" of employees' lives. To the extent you propose to redact work e-mail addresses, your decision may be inconsistent with the FOIA. On the other hand, it is my opinion that your decision to shield home e-mail addresses, as noted above, is consistent with the FOIA.
Although the items discussed above are the only ones you specifically enumerate as those you intend to redact, you state more broadly that you intend to redact "any personal information." I have not reviewed the records in question, and cannot opine as to the legality of any further redactions. I will note, however, that previous opinions of the Attorney General detail a great many items that are properly redacted from personnel records. See e.g., Ops. Att'y Gen. 2006-048
(mentioning insurance coverage; tax information or withholding; payroll deductions; banking information; marital status of employees and information about dependents; personal e-mail addresses; unlisted telephone numbers; social security numbers; date of birth; state income tax records; home addresses of non-elected state employees; photocopies of driver's licenses; and photocopies of social security cards); 2002-237 (names of children, spouses, and ex-spouses); and 2001-080 (marital status and information about family life, including names and addresses of family members). It is your task as custodian to determine, as an initial matter, which items are properly subject to redaction.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh